JAMES THOMAS & Co., Plaintiff and Appellant, *v.* JOSÉ A. FLORIDO, Defendant and Appellee.

No. 4571.   Argued February 28, 1929.—Decided July 23, 1929.

*Hugh R. Francis* and *Julio Suárez Garriga,* for appellant.  *Besosa & Besosa,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In a complaint the defendant was charged with being an agent of the plaintiff for the sale of the imported goods from which the defendant was entitled to a commission; that on January 24, 1925, when their accounts were closed, the defendant owed the plaintiff $884.55.

The record in this case shows first a complaint, then an answer and thereafter the opinion and judgment of the court. The appeal notices likewise appear and then a transcript of

the evidence. To this the appellee added, apparently without previous action in this court, a copy of a motion for a bill of particulars served on the plaintiff in the court below bearing date August 12, 1926. The answer has the same date.

The opinion and judgment of the court were in part founded on the failure of the plaintiff to furnish a bill of particulars. This action of the court is assigned as error. The theory of the appellant is that originally after demurrer overruled a judgment by default was entered against the defendant; that the motion for a bill of particulars was pending at the time the judgment was set aside and hence, if we understand appellant, the motion for a bill of particulars was negligible. The court considered that after opening up the judgment both the answer and the bill of particulars were in effect, and it seems to us properly, but in any event none of the default proceedings was copied into the record and the latter must be considered as it stands. There was no error on the part of the court in considering the motion for a bill of particulars.

The plaintiff complains of the action of the court in setting aside the judgment in favor of the plaintiff inasmuch as the defendant filed no affidavit of merits. Such a setting aside is to a very great extent in the discretion of the court and we find no abuse, especially in the absence of the papers showing the default proceedings.

A Mr. Nuber, who was an agent of the plaintiff, voluntarily destroyed some books and perhaps other papers wherein the account with the defendant was stated. The court held that this destruction under sections 48 and 49 of the Code of Commerce prevented a recovery. To this the appellee adds the presumption that evidence voluntarily destroyed should be considered adverse.

The appellant attempts to justify the destruction of the books as an innocent act and to rely on the right to present secondary evidence. The appellee draws attention to the

fact that the testimony of Mr. Nuber was not copied into the record, or at least the part of his testimony that related to the account of the defendant.

We conclude, therefore, that the court was not mistaken in holding the plaintiff to the proof from its books or in insisting on its failure to file a bill of particulars. This failure is rendered more poignant by the omission of the testimony of the plaintiff's principal witness.

One of the difficulties in this case is that the defendant presented a motion of nonsuit. The court reserved its decision. Then the defendant offered to present and presented his evidence. Subsequently the court in its opinion held that a motion for a nonsuit lay. Evidently the court thought of the motion as a continuing one. However, as the appellant has not pointed out that the evidence of the defendant aided plaintiff's case, and we have found none, the judgment should be affirmed.